James K. Lubing, WY Bar No. 5-2284
LAW OFFICE JAMES K. LUBING
PO Box 3894
Jackson, WY 83001
(307) 733-7242 – Telephone
(307) 733-7471 – Facsimile
e-mail: jlubing@earthlink.net
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CHRISTINE NODINE, Personal Representative of the Estate of DAVID NODINE,<br><br>Plaintiff,<br><br>vs.<br><br>JACKSON HOLE MOUNTAIN RESORT CORPORATION, a Wyoming Corporation,<br><br>Defendant. | Civil Action No.: 2:09CV00216-ABJ<br><br>**BRIEF IN SUPPORT OF DEFENDANT JACKSON HOLE MOUNTAIN RESORT CORPORATION'S RULE 12(b)(1), F. R. Civ. P., MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant Jackson Hole Mountain Resort Corporation (JHMRC), submits the following Brief In Support of its Rule 12(b)(1), F.R.Civ.P, Motion To Dismiss.

# BRIEF

## I. INTRODUCTION.

Plaintiff Christine Nodine (Nodine) alleged in her Complaint that she is the widow of David Nodine, decedent, and the duly-qualified and appointed Personal Representative of his estate. Plaintiff's Complaint, ¶ 2. Nodine's Complaint arises out of the death of David Nodine in an avalanche at Jackson Hole Mountain Resort on December 27, 2008. Id., ¶ 1. Nodine's Complaint asserts a wrongful death claim under the Wyoming Wrongful Death Act (WWDA). Id., ¶¶ 1,3. The WWDA, Wyo. St. § 1-38-102, requires that every wrongful death action be brought in the name of the personal representative of the deceased person.

Nodine alleges that this Court has jurisdiction based on diversity of citizenship in accordance with 28 U.S.C. § 1332. Id., ¶ 5. Nodine's factual allegations in support of jurisdiction consist solely of the allegations contained in Paragraphs 6 and 7 of her Complaint. For the purposes of this Motion, the only relevant jurisdictional allegation is found in Paragraph 6, which reads in full:

> Plaintiff, Christine Nodine, is a resident of Texas. Defendant, JHMRC, is a Wyoming corporation.

As we explain below, Nodine's allegations are insufficient to establish this Court's subject matter jurisdiction and this case should be dismissed. Nodine has failed to properly allege the citizenship of the decedent, David Nodine, which, pursuant to 28 U.S.C. § 1332(c)(2), is controlling. Further, on information and belief, the decedent David Nodine was a citizen of Wyoming at the time of his death. Because JHMRC is a citizen of Wyoming, there is no diversity of citizenship.

## II. DISCUSSION.

Nodine's asserted basis for jurisdiction in this matter is diversity of citizenship jurisdiction. 28 U.S.C. § 1332. As a consequence of the federal district courts' limited jurisdiction, see, *Cunningham v. BHP Petroleum Great Britain PLC*, 414 F.3d 1169 (10th Cir. 2005), the burden of pleading citizenship of each and every party to an action is on the party seeking to invoke diversity jurisdiction. See, *Stouffer v. Stifel Nicolaus & Company, Inc.*, 166 F.3d 1222 (10th Cir. 1998). The placement of the pleading burden on the party seeking to invoke the federal forum finds its root not only in the limited jurisdiction of the district court, but also in the Federal Rules of Civil Procedure, Rule 8(a)(1). Allegations of citizenship

must be affirmative and unambiguous. See, *Thurston v. Page*, 920 F. Supp. 152 (D. Kan. 1996).

Allegations of a party's residence are insufficient to satisfy the pleading burden. See, *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514 (10th Cir. 1994). In this particular instance, Nodine's allegations of her Texas residence are particularly insufficient in light of the specific requirements of 28 U.S.C. § 1332(c)(2), regarding claims brought on behalf of a decedent. This provision requires:

> The legal representative of the estate of a decedent shall be deemed to be a citizen only with the same state as the decedent,
> . . .

Nodine's Complaint pending before this Court fails entirely to allege the citizenship of decedent David Nodine.

Applying 28 U.S.C. § 1332(c)(2) and a similar wrongful death statute from New Mexico, the District Court in New Mexico concluded that the personal representative bringing a wrongful death claim must establish citizenship diversity based upon the decedent's citizenship. See, *Brown v. Mahdi*, 482 F. Supp.2d 1300, 1305 (D. N.M. 2007). Having failed to allege

the David Nodine citizenship, Plaintiff's Complaint fails to establish jurisdiction in this Court.

Additionally, if jurisdiction is challenged, the Plaintiff must prove citizenship by a preponderance of the evidence. See, *Mid-Continent Pipe Line Co. v. Whiteley*, 116 F.2d 871 (10th Cir. 1940). On information and belief, Nodine will be unable to meet this burden as it appears that decedent David Nodine was, at the time of his death, a citizen of Wyoming.

III. **CONCLUSION.**

Under 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent is deemed to be a citizen only of the same state as the decedent. Plaintiff's Complaint fails to allege the citizenship of the decedent at the time of his death and, further, on information and belief, the citizenship of the decedent was Wyoming. There is no diversity between the Plaintiff and the Defendant and the Court lacks subject matter jurisdiction.

*Christine Nodie v. Jackson Hole Mountain Resort Corporation*
*BRIEF IN SUPPORT OF DEFENDANT JACKSON HOLE MOUNTAIN RESORT CORPORATION'S RULE 12(b)(1), F.R. Civ. P., MOTION TO DISMISS FOR LAD OF SUBJECT MATTER JURISDICTION*
*Page 5 of 7*

DATED this 22 day of October, 2009.

                               James K. Lubing, WY Bar No. 5-2284
                               LAW OFFICE JAMES K. LUBING
                               *Attorney for Defendant*
                               PO Box 3894
                               Jackson, WY 83001
                               (307) 733-7242 – Telephone
                               (307) 733-7471 - Facsimile
                               e-mail: jlubing@earthlink.net

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was served upon the following attorney(s) this 22 day of October, 2009, as indicated below and addressed as follows:

Andrew L. Payne
Payne Mitchell Law Group
2911 Turtle Creek Blvd. Suite 1400
Dallas, TX 75219
E-mail: andy@paynemitchell.com
(214) 252-1888 - Telephone
(214) 252-1889- Facsimile

[ ] U.S. Mail
[ ] Hand Delivery
[ ] Federal Express
[✓] CM-ECF Electronic Copy
[✓] Fax

Terry W. Mackey
Moriarity, Badaruddin & Booke, LLC
314 E. 21st Street
Cheyenne, WY 82001
E-mail: terry.mackey@mbblawfirm.com
(307) 635-7517 - Telephone
(307) 635-7565 - Facsimile

[ ] U.S. Mail
[ ] Hand Delivery
[ ] Federal Express
[✓] CM-ECF Electronic Copy
[ ] Fax

_____
Tracy Matthews, Legal Assistant