

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

CHRISTINE NODINE, personal )
representative of Estate of David Nodine, )
)
Plaintiff, )
)
vs. ) Case No. 09-CV-216-F
)
JACKSON HOLE MOUNTAIN )
RESORT CORPORATION, )
)
Defendant. )

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

The defendant in this wrongful death case, Jackson Hole Mountain Resort (JHMR), filed a motion for summary judgment. It argues that the decedent's (Mr. Nodine) release of liability and the Wyoming Recreation Safety Act (RSA) bar recovery. Plaintiff (Mrs. Nodine) primarily contends that the release is unenforceable and the RSA does not apply because JHMR engaged in willful and wanton misconduct. She also contends, briefly, that the release cannot be enforced against wrongful death claimants because they are not parties to the release. The Court finds that, regardless of how the claims of willful and wanton misconduct

are resolved, the choice of forum provision in the contract is enforceable. Accordingly, the Court will dismiss the case without prejudice.

## BACKGROUND

David Nodine died in an avalanche while skiing at Jackson Hole Mountain Resort on December 27, 2008. The parties differ considerably on how to characterize the events leading to the avalanche and JHMR's actions in opening up the particular slope to the public. Mrs. Nodine contends that JHMR engaged in willful and wanton misconduct when it allowed Mr. Nodine to ski in the area of the avalanche. JHMR disagrees. The Court need not address these issues, however.

Before skiing, Mr. Nodine signed a document entitled, "Jackson Hole Mountain Resort Release of Liability and Indemnity Agreement." In addition to waiving all claims against JHMR for any injury that might result, paragraph 6 of the agreement stated:

> I understand that this agreement shall be binding upon my heirs, executors, administrators, and assigns and shall be governed by Wyoming law. I further understand and agree that this agreement shall be binding to the fullest extent permitted by law and that if any part of this agreement is determined to be unenforceable, all other parts shall be given full force and effect. I agree that any claims that I may bring against [JHMR] shall be submitted to the jurisdiction of the state court in Wyoming, Teton County, and that no claims against [JHMR] shall be brought in any other jurisdiction or venue.

JHMR Mot. for Sum. Jmt. Ex. 5, Doc. Nos. 48-8, 48-9.

Mrs. Nodine filed a complaint in the current action on September 17, 2009. JHMR filed a motion for summary judgment on September 1, 2010. Having failed to receive a timely response from Mrs. Nodine, the Court entered an order dismissing the complaint on September 28, but withdrew the order upon an uncontested motion by Mrs. Nodine to permit a response. JHMR filed a reply on September 30, and the matter is now ready for adjudication.

## DISCUSSION

Summary judgment is appropriate where the movant has demonstrated that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1207-08 (10th Cir. 2010). As a general matter, the summary judgment movant has the burden to produce evidence supporting its claims. *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010). If the movant does so, the burden of production shifts to the party opposing summary judgment to demonstrate that a genuine issue of material fact exists. *Id.* At all times, the Court must view the evidence in the light most favorable to the party opposing summary judgment. *Id.* at 1168. There is a genuine issue of material fact if a reasonable jury could find in favor of

the non-moving party. *Id.* at 1169. In addition, the Court may only consider evidence that is admissible at trial—inadmissible evidence should be disregarded. *Johnson*, 594 F.3d at 1209.

JHMC's arguments essentially distill into two branches. First, it contends that the release of liability signed by Mr. Nodine released all liability. Second, it contends that it is protected by the Wyoming Recreation Safety Act. Mrs. Nodine contends that JHMR's conduct rose to the level of willful and wanton misconduct, and that as a result, neither the release of liability nor the Wyoming Recreation Safety Act prevent this action. Along the way, however, she raises an interesting and difficult question of whether a decedent can unilaterally waive rights that survivors may have in a wrongful death suit. Although Mrs. Nodine spent little time on the question in her brief, the Court's decision is largely based on an analysis of that threshold question, and of the contract as a whole.[1]

Wrongful death actions did not exist at common law. Instead, any cause of action that an injured person might have was extinguished upon the injured person's death. *Tuttle v. Short*, 288 P. 524, 529 (Wyo. 1930). Wrongful death actions are creatures of statute, with

---

[1] Mrs. Nodine also claims, without authority, that the contract fails for lack of consideration. This is based on the fact that JHMR refunded to Mr. Nodine's family the cost of the ski pass after his death. Mrs. Nodine presents no authority for the dubious claim that this refund had some sort of legal effect. The contract was complete and, if anything, the refund represented a mere gift from JHMR to the family. The Court will not further consider this argument.

4

Wyoming's and many other states' enactments based on the 1864 English statute known as Lord Campbell's act. *Id.* Wyoming's act states, in pertinent part:

> Whenever the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable in an action for damages . . . .

Wyo. Stat. Ann. § 1-38-101. The Wyoming Supreme Court has been very clear that a wrongful death action is a new, independent cause of action. *See, e.g., id.*; *Massion v. Mt. Sinai Congregation*, 276 P. 930, 933 (Wyo. 1929).

The fact that the wrongful death cause of action is independent of the original tort claim raises an interesting question of whether the decedent can waive a claim that is, after all, given by statute to the beneficiaries. It is black-letter law that a valid contract requires offer, acceptance, and consideration. But when a decedent signs a waiver, the beneficiaries have agreed to nothing, and have received no consideration. Indeed, similar logic prevailed in *Massion*, where the Wyoming Supreme Court reasoned that decedent's wife (who would eventually be the personal representative) could not waive liability of the defendant while the decedent remained alive. 276 P. at 933. In part, the reason was that she did not have any vested right at the time she made the promise. *Id.* In addition, the court noted, the wife's "personal promise could not be binding upon or affect the rights of other legatees or heirs at

law, if there were any." *Id.* The personal representative may not waive the rights of other beneficiaries, and there would appear to be no reason to treat the decedent's waiver any differently.

On the other hand, there are both policy and logical reasons that the Wyoming Supreme Court might hold that Mr. Nodine's release is binding on the wrongful death beneficiaries. Other courts have reasoned, for example, that wrongful death claims are derivative of the decedents' claims, so the decedent's waiver binds wrongful death claimants. *E.g.*, *Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 217 (Tex. App. 2009). Other courts have also reasoned that if the release of liability removed the decedent's claims against the tortfeasor, then he was not "entitled . . . to maintain an action and recover damages . . . if death had not ensued." *E.g.*, *Fountas v. Breed*, 455 N.E.2d 200, 204 (Ill. App. 1 Dist. 1983) (quoting Illinois Wrongful Death Act, which is substantially similar to Wyoming's act). The essential reasoning is that if the decedent's cause of action was extinguished by virtue of the waiver at the time of death, then the statute does not provide a cause of action to the heirs.

While arguments on both sides are reasonable, this Court believes that the Wyoming Supreme Court would most likely uphold the waiver of liability against the beneficiaries. It is true that the court has consistently held that wrongful death actions are separate from the decedent's cause of action. Moreover, the court has recently suggested that it continues to

lean toward separating these distinct claims. *See In re Est. of Johnson*, 231 P.3d 873 (Wyo. 2010) (holding that wrongful death personal representative is different than probate personal representative, and must be separately appointed by district court). On the other hand, it is public policy in Wyoming to protect providers of recreation services. The Wyoming Recreation Safety Act provides extensive broad protection for these providers. Wyo. Stat. Ann. § 1-1-122. Based on this public policy and the reasoning of other courts that have considered the issue, this Court holds that, the Wyoming Supreme Court would choose to construe the Wrongful Death Act in a manner that enforced the contract and limited the liability of recreation providers.

There are remaining questions about how contracts releasing liability apply to beneficiaries, of course. For example, what about provisions of the contract that do not involve releases of liability? The forum selection provision presents just such a problem. Mrs. Nodine comes the closest to the mark by arguing that the forum selection clause is not enforceable against her as a result of its language, discussed below. The parties, however, have not addressed this issue in the context of whether beneficiaries can be bound at all, instead staking out "all or nothing" positions on this question. This Court, therefore will proceed on the premise that the entire contract is enforceable against all beneficiaries.

Having determined that the release of liability is binding on the wrongful death beneficiaries, the Court must turn to the enforceability of the choice of forum provision. Much of Mrs. Nodine's argument is that the release of liability and the Recreation Safety Act do not bar suit because there is a genuine issue of material fact regarding whether JHMR engaged in willful and wanton misconduct. The Court need not decide that issue, however. The severability clause states that "if any part of this agreement is determined to be unenforceable, all other parts shall be given full force and effect." JHMR Mot. for Sum. Jmt. Ex. 5, Doc. No. 48-9. Accordingly, even if the release is not enforceable because JHMR engaged in willful and wanton misconduct, the forum selection clause may apply.

The forum selection provision states the following: "I agree that any claims that I may bring against [JHMR] shall be submitted to the jurisdiction of the state court in Wyoming, Teton County, and that no claims against [JHMR] shall be brought in any other jurisdiction or venue." *Id.* Mrs. Nodine contends that the forum selection provision does not bind her or other beneficiaries because the language refers to "I," that is, Mr. Nodine. JHMR points out that it also states that "no claims" shall be brought in another venue, and that "no claims" includes claims by the beneficiaries.

The Wyoming Supreme Court has set forth contract construction standards as follows:

8

> In interpreting a written agreement, our primary purpose is to determine the true intent and understanding of the parties at the time and place the agreement was made. *Wells Fargo Bank Wyo., N.A. v. Hodder*, 2006 WY 128, ¶ 21, 144 P.3d 401, 409 (Wyo. 2006). We begin our analysis by considering *de novo* the plain language of the agreement. *Id.* We construe the language in the context in which it was written, looking to the surrounding circumstances, the subject matter, and the purpose of the agreement to ascertain the intent of the parties at the time the agreement was made. *Id.*

>> We construe the contract as a whole, attempting to avoid a construction which renders a provision meaningless. We strive to reconcile by reasonable interpretation any provisions which apparently conflict before adopting a construction which would nullify any provision.

> *Id.*

*Stone v. Devon Energy Prod. Co.*, 181 P.3d 936, 942 (Wyo. 2008).

The forum selection clause is ambiguous because it is subject to two reasonable interpretations. Mrs. Nodine is correct that the clause begins by referring only to the signer, Mr. Nodine, agreeing to the provision. On the other hand, JHMR is correct that the later language is broader, providing more generally that claims against JHMR "shall not be brought in any other jurisdiction or venue." JHMR Mot. for Sum. Jmt. Ex. 5, Doc. No. 48-9. Although ambiguous, the Court is persuaded that the provision is binding on the beneficiaries

9

just as it would have been on Mr. Nodine. Looking at the contract as a whole, it is plain that the parties intended to limit Mr. Nodine's claims, and should he die while skiing, those of his beneficiaries. It defies logic to believe that they would go through the effort to limit liability, but then draft a choice of forum provision that was applicable only to Mr. Nodine. Instead, the best construction of the provision is that it applies to all suits by any party bound by the agreement.

Accordingly, the appropriate course of action is to enforce the forum selection provision. In doing so, the Court need not address Mrs. Nodine's argument that JHMR engaged in willful and wanton misconduct. Nor must it address JHMR's argument that the Recreation Safety Act relieves it of liability. These are issues that will be litigated in a Wyoming court.[2] Moreover, although JHMR seeks summary judgment, it is more appropriate to dismiss this case pursuant to the contract. Mrs. Nodine and the other beneficiaries may then pursue the appropriate remedies in Wyoming state court.

Therefore:

IT IS ORDERED that this matter is DISMISSED WITHOUT PREJUDICE.

---

[2] This case may also result in the Wyoming Supreme Court, in a subsequent appeal of the state court matter that may follow this dismissal, squarely addressing the issue of whether Mr. Nodine could waive liability for his wrongful death beneficiaries.

Dated this 24th day of November, 2010.

*Nancy D Freudenthal* (signature)
UNITED STATES DISTRICT JUDGE